United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGG WILLIAMS,
Plaintiff,
v.
LA PERLA NORTH AMERICA, INC.,
Defendant.

Case No. 3:23-cv-01633-JSC

**ORDER RE: MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM**

Re: Dkt. No. 36

Gregg Williams ("Williams") alleges La Perla North America, Inc. ("La Perla") breached a lease (the "Lease") between La Perla and Williams' predecessor in interest ("Landlord"). (Dkt. No. 1.)[1] Williams alleges La Perla has failed to pay rent since May 2021 and abandoned the leased commercial property located at 170 Geary Street, San Francisco, around April 2021. (*Id.*) Williams brings this action solely in his capacity as state court-appointed receiver. (*Id.* ¶ 3.) In response, La Perla filed an answer and counterclaim. (Dkt. No. 10.)

The Court previously granted Williams' motion to dismiss La Perla's counterclaim causes of action with 20 days' leave to amend. (Dkt. No. 32.) La Perla filed an amended counterclaim alleging causes of action for (1) restitution and (2) breach of contract. (Dkt. No. 33 at 16-24.) La Perla's restitution claim asserts the lease is unenforceable or void due to frustration of purpose. La Perla's breach of contract claim alleges Williams had a duty to mitigate damages under the terms of the lease, and after La Perla vacated the premises, Williams failed to do so. Now pending before the Court is Williams' Motion to Dismiss La Perla's First Amended Counterclaim without leave to amend. (Dkt. No. 36.)

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

After carefully considering the parties' written submissions, the Court concludes oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the October 5, 2023 hearing, and GRANTS Williams' motion to dismiss with prejudice and without leave to amend. The amended Counterclaims fail to cure the deficiencies identified in this Court's previous Order. La Perla's claims for restitution fail because La Perla has again failed to sufficiently allege the contract is void or rescinded based on frustration of purpose. Moreover, La Perla has not plausibly alleged a failure to mitigate because absent the Landlord's termination of the lease, an affirmative duty to mitigate is contrary to Landlord's rights under Lease Section 16.2(a) and California Civil Code Section 1951.4. *See* (Dkt. No. 1-2 at 32-33); Cal. Civ. Code § 1951.4.

**LEGAL STANDARD**

A complaint should be dismissed under Rule 12(b)(6) if it lacks sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). A claim is facially plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a motion to dismiss, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a [party's] moving papers, such as a memorandum in opposition." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

**DISCUSSION**

Williams moves to dismiss La Perla's counterclaims for restitution and breach of contract because (1) La Perla fails to plead factual allegations to support a counterclaim for restitution based upon a theory the lease is void or unenforceable due to frustration of purpose; and (2) La Perla does not plausibly allege Williams breached the contract because, under the terms of the lease, Williams did not have a duty to mitigate. The Court agrees with Williams on both counts.

**I. LA PERLA'S RESTITUTION CLAIM**

La Perla's First Amended Counterclaim alleges Landlord was "unjustly enriched" due to

United States District Court
Northern District of California

Landlord "remainder [sic] in possession of the Premises, failure to make good faith efforts to mitigate his damages, and withholding of the $1,290,598.36 Security Deposit." (Dkt. No. 33 ¶ 79.) La Perla argues this "restitution claim also survives dismissal because [La Perla] adequately alleges . . . under the doctrine of frustration of purpose, the Lease became unenforceable and/or invalid in or around April 2021." (Dkt. 37 at 13.) Specifically, La Perla asserts it was "unable to maintain operations on the Property in part due to the reduction in walk-in customers as a result of the COVID-19 pandemic and the extreme rise in crime, homelessness, and waste outside of the Property and surrounding neighborhoods." (Dkt. No. 37 at 14.)

As this Court previously ruled, in the lease context, "the applicability of the doctrine of frustration depends on the total or nearly total destruction" of the lease's purpose. *Lloyd v. Murphy*, 25 Cal. 2d 48, 53 (1944). La Perla's allegations remain insufficient to plead frustration of purpose. (Dkt. No. 32 at 9-10.) La Perla does not allege any new material facts or arguments as to why the Court should change its previous analysis.[2] And it does not cite any case that remotely suggests its allegations are sufficient to satisfy frustration of purpose under California real estate law. Thus, La Perla's Restitution Claim based on frustration of purpose must again be dismissed.

## II. LA PERLA'S BREACH OF CONTRACT CLAIM

As this Court previously held, the Lease provides "[n]o act by Landlord other than giving written notice to Tenant shall terminate this Lease." (Dkt. No. 1-2 at 32.) There are no allegations in La Perla's counterclaim or in the opposition to the motion to dismiss that Williams provided

[2] La Perla attached "four news articles discussing the rise in crime, homelessness, and waste in San Francisco and its effects on surrounding businesses" to its amended counterclaim as exhibits. (Dkt. No. 33 at 26-61.) The Court has considered these four articles. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("On a motion to dismiss, [courts] may consider materials incorporated into the complaint."). In its opposition motion, La Perla cites three sources related to "San Francisco's restrictions [on businesses] as a result of the COVID-19 pandemic"—two news articles from ABC 7 News and one press release from the San Francisco Mayor's Office. (Dkt. No. 37 at 7 n.1.) The Court declines to take judicial notice of these sources for the truth of their contents. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.") (cleaned up). However, even considering the contents of these sources, the sources are insufficient to support La Perla's frustration of purpose allegations.

written notice to terminate the Lease. Thus, La Perla has again not sufficiently alleged facts supporting a plausible inference Landlord terminated the Lease. Pursuant to California Civil Code Section 1951.4, and the explicit terms of the Lease, if La Perla defaulted and abandoned the property, Landlord had the right to choose whether to continue collecting rent or attempt to mitigate damages by renting to a new tenant. (Dkt. No. 1-2 at 32-33; Cal. Civ. Code § 1951.4.)

La Perla argues Landlord's conduct "effectively terminated the lease and precluded his relief under Cal. Civ. Code § 1951.4." (Dkt. No. 37 at 11.) Specifically, La Perla alleges (1) Landlord did not return the keys after La Perla sent them to Landlord after La Perla abandoned the property in April 2021; (2) Landlord sent written notice of Landlord's belief La Perla abandoned the property and defaulted on rental payments in November 2022; and (3) Landlord filed an unlawful detainer proceeding seeking immediate possession of the property in February 2023. La Perla thus argues Landlord's "actions between April 30, 2021 and present were consistent with termination of the lease," and since Landlord terminated the lease, Landlord had a duty to mitigate damages. (Dkt. No. 37 at 11.) But as previously explained, the Lease expressly requires Landlord's written notice to terminate the Lease. The above allegations do not plausibly support an inference Landlord gave written notice of termination.

La Perla's reliance on *In re Lomax*, 194 B.R. 862 (B.A.P. 9th Cir. 1996), is misplaced. In *In re Lomax*, the tenant abandoned the leased premises and stopped paying rent. *In re Lomax*, 194 B.R. at 864. The month after the tenant stopped paying rent, the landlord sent a "Notice of Belief of Abandonment" and notified the tenant "if she failed to timely respond and dispute her abandonment, the premises would be deemed abandoned and the lease would terminate" the next month. *Id.* The court held the landlord accepted the tenant's "offer of surrender" and thereby terminated the lease through sending the "Notice of Belief of Abandonment." *Id.* at 866-67.

*Lomax* is materially different from the facts in this case. Here, the Lease contracted away the Landlord's statutory duty to mitigate by stating only written notice could terminate the Lease; in *In re Lomax*, there was no indication the lease contained any such provision, and the lease was

United States District Court
Northern District of California

controlled by the terms of the California Civil Code Section 1951.3.[3] *See In re Lomax*, 194 B.R. at 866 (landlord "chose to allow the lease to terminate under Cal. Civ. Code § 1951.3 by its Notice of Belief of Abandonment (and termination)"). Moreover, the *In re Lomax* court noted "damages equal to lost rent arising from wrongful termination of the lease" is a "contract right." *In re Lomax*, 194 B.R. at 865. So, the contract terms control, and according to the contract in this case, the only way Landlord could terminate the Lease was via written notice.

In sum, La Perla has not plausibly alleged a breach of contract for failure to mitigate because La Perla has not plausibly alleged Landlord ever sent written notice to terminate the lease. Since Landlord did not terminate the lease, an affirmative duty to mitigate is contrary to Landlord's rights under Lease Section 16.2(a) and California Civil Code Section 1951.4.

## III. LEAVE TO AMEND

Where a motion to dismiss is granted, a trial court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court does not need to grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

The Court dismisses La Perla's breach of contract and restitution claims without leave to amend as any amendment would be futile. After Williams' first Motion to Dismiss, the Court gave La Perla leave to amend its counterclaim. (Dkt. No. 32.) La Perla's amended counterclaim fails to fix any of its previous counterclaim's legal insufficiencies. La Perla did not add any new material allegations to its claim for frustration of purpose. Moreover, the entire "breach of contract" section of La Perla's opposition brief appears to be copied from the opposition brief La Perla previously submitted in response to Williams' first motion to dismiss. (Dkt. Nos. 19, 37.) Accordingly, Williams' motion is granted and leave is denied.

[3] *In re Lomax* is also distinguishable because California Civil Code Section 1951.3 does not apply to this case because it exempts "commercial real property" from its provisions. Cal. Civ. Code § 1951.3(a).

United States District Court
Northern District of California

**CONCLUSION**

For the reasons stated above, the Court GRANTS Williams' Motion to Dismiss La Perla's First Amended Counterclaim causes of action without leave to amend.

This Order disposes of Docket Number: 36.

**IT IS SO ORDERED.**

Dated: September 19, 2023

JACQUELINE SCOTT CORLEY
United States District Judge