UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG WILLIAMS,<br><br>            Plaintiff,<br><br>     v.<br><br>LA PERLA NORTH AMERICA, INC.,<br><br>            Defendant. | Case No. 3:23-cv-01633-JSC<br><br>**ORDER RE: MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT**<br><br>Re: Dkt. No. 42 |

Now pending before the Court is the motion of Hughes Hubbard & Reed LLP ("HHR"), to withdraw as counsel for Defendant La Perla North America, Inc. ("La Perla"). (Dkt. No. 61.)[1] Plaintiff opposes HHR's motion. (Dkt. No. 43.) After carefully considering Counsel's motion, the Court concludes oral argument is unnecessary, see N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion as set forth below.

**DISCUSSION**

Counsel seeks to withdraw from representation of La Perla because La Perla is no longer a functioning entity with which counsel can meaningfully discuss legal strategy and La Perla has failed to pay attorneys' fees and costs for several months. (Dkt. No. 42 at 2.)

In this District, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been given, reasonably in advance, to the client and to all other parties who have appeared in the case." N.D. Cal. Civ. L.R. 11-5(a); *Dist. Council No. 16 No. Cal. Health & Welfare Trust Fund v. Lambard Enters., Inc.*, No. C 09-05189 SBA, 2010 WL 3339446, at *1 (N.D. Cal. Aug. 24, 2010) (internal citations omitted). The Local Rule further

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  provides "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous
2  appearance of substitute counsel . . . , leave to withdraw may be subject to the condition that
3  papers may continue to be served on counsel for forwarding purposes, unless and until the client
4  appears by other counsel[.]"  N. D. Cal. Civ. L.R. 11-5(b).
5        The decision to permit withdrawal of counsel is within the trial court's discretion. *See*
6  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); W*ashington v. Sherwin Real Estate,*
7  *Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982) ("The grant or denial of an attorney's motion to
8  withdraw in a civil case is a matter addressed to the discretion of the trial court and will be
9  reversed on appeal only when the trial court has abused its discretion.").  Courts ruling on motions
10  to withdraw have considered, among other things: "(1) the reasons counsel seeks to withdraw; (2)
11  the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal
12  might cause to the administration of justice; and (4) the extent to which withdrawal will delay
13  resolution of the case."  *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal.
14  Sept. 15, 2010) (citations omitted).  Courts also consider the standards of professional conduct
15  required of members of the State Bar of California.  *See, e.g., U.A. Local 342 Joint Labor-Mgmt.*
16  *Comm. v. So. City Refrigeration, Inc.*, No. 09-3219, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31,
17  2010); *California Native Plant Soc'y v. U.S. EPA*, No. 06-3604, 2008 WL 4911162, at *1 (N.D.
18  Cal. Nov. 14, 2008).  Under California Rule of Professional Conduct 1.16(b)(4), an attorney may
19  request permission to withdraw when the client's "conduct renders it unreasonably difficult for the
20  lawyer to carry out the employment effectively."  Cal. R. Prof. Conduct 1.16(b)(4).
21        Good cause exists for counsel's withdrawal from representation of La Perla.  La Perla has
22  not paid its legal fees or costs since April 2023, despite multiple attempts from counsel to collect
23  the $614,542 in fees and $ 29,682 in expenses La Perla owes HHR.  (Dkt. Nos. 42-1 ¶¶ 3, 10, at
24  47-54.)  La Perla has closed all its stores in the United States and closed its New York
25  headquarters.  (*Id.* ¶ 8.)  La Perla has no remaining U.S. employees.  (*Id.*)  Counsel's only contact
26  with La Perla, Matt McEvoy, is "an outside restructuring consultant" for La Perla, and is not an
27  officer, director, or employee of La Perla.  (*Id.* ¶ 2.)  Mr. McEvoy informed HHR "he does not
28  believe there are or will be any funds to pay" La Perla's legal fees.  (*Id.* ¶ 11.)  La Perla's failure to

United States District Court
Northern District of California

1  maintain contact with counsel and to cooperate in moving the litigation forward constitutes good
2  cause for withdrawal. *See, e.g., U.A. Local 342*, 2010 WL 1293522, at *3; *McClintic v. U.S.*
3  *Postal Serv.*, No. 13-cv-00439, 2014 WL 51151, at *3 (E.D. Cal. Jan. 7, 2014) (collecting cases in
4  which a client's failure to cooperate or communicate effectively with counsel justified the
5  attorney's motion to withdraw). In addition, "[f]ailure to pay attorney's fees provides a sufficient
6  basis on which to grant a request to withdraw." *Heifetz v. Nilkanth*, No. 18-CV-04623-TSH, 2019
7  WL 3457793, at *2 (N.D. Cal. July 31, 2019). As for the prejudice to other litigants if counsel is
8  allowed to withdraw, Counsel provided notice to Plaintiff, as well as to La Perla through mail to
9  both its New York office and registered service agent in California and emailing a copy of the
10 letter to Mr. McEvoy. (Dkt. No. 42-1 ¶¶ 12, 13.) Further, this litigation cannot proceed without
11 Defendant—counsel has "no authority to take any actions on behalf of" La Perla and therefore can
12 no longer meaningfully defend this case. (Dkt. No. 42-1 ¶ 14.) Finally, there are no pending
13 discovery or motions. (*Id.* ¶ 15.) Accordingly, withdrawal will neither impede the administration
14 of justice nor delay resolution of this case beyond its current delay, and Counsel has complied
15 with all relevant California Rules of Professional Conduct.

16 Plaintiff opposes HHR's motion, arguing "HHR should not be permitted to withdraw after
17 litigating this case for a year in the manner it has," because Plaintiff maintains HHR's aggressive
18 litigation strategy has been resulted in significant attorneys' fees for Plaintiff. (Dkt. No. 43 at 3.)
19 Specifically, Plaintiff asserts HHR "has forced Plaintiff to incur significant costs and fees to
20 defend itself against frivolous counterclaims, not once but twice." (*Id.* at 6.) While the Court did
21 grant both of Plaintiff's motions to dismiss Defendant's counterclaims (Dkt. Nos. 32, 40), the
22 Court did not find those counterclaims to be frivolous. Moreover, HHR had an ethical duty to
23 vigorously represent its client. *See* Cal. R. Prof. Conduct 1.1 (competence); *Norton v. Hines*, 49
24 Cal. App. 3d 917, 922 (Ct. App. 1975) ("The attorney owes a duty to his client to present his case
25 vigorously in a manner as favorable to the client as the rules of law and professional ethics will
26 permit."); *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994) ("A lawyer's first duty is
27 zealously to represent his or her client."). Plaintiff has not alleged HHR acted with the purpose to
28 unduly harass Plaintiff or otherwise with an improper motive. Indeed, that La Perla owes HHR

3

significant money in legal fees, money HHR will likely be unable to recover, suggests HHR's motivation in filing the counterclaims was to serve La Perla's interests rather than due to some improper reason.

Plaintiff also argues HHR "waited until just days before the noticed deposition (despite the fact Plaintiff noticed it two months in advance) to inform Plaintiff it would refuse to produce a representative." (*Id.*) Plaintiff's counsel asserts the Rule 30(b)(6) deposition was noticed on November 15, 2023, and scheduled for January 16, 2024, and because Plaintiff's counsel believed "the deposition would be held" Plaintiff's counsel "incurred costs and attorney's fees preparing for that deposition." (Dkt. No. 43 at 6-7.) As evidence, Plaintiff provides an email dated January 5, 2024, in which Plaintiff's counsel asked HHR "whether [La Perla] is going to produce a witness at the deposition on the 16th or not?" (Dkt. No. 43-2 at 3.) That same day, HHR informed Plaintiff's counsel La Perla was "essentially defunct and no longer has any representative who can testify" and informed Plaintiff's counsel HHR would be sending notice of withdrawal "later today or tomorrow." (*Id.* at 2.) This email evidence shows HHR responded the same day Plaintiff's counsel asked for details about La Perla's 30(b)(6) representative. While it is unfortunate Plaintiff's counsel spent resources preparing for a deposition that did not happen, Plaintiff has not established why this situation justifies refusing HHR's request to withdraw as counsel. Plaintiff further asserts "HHR did not provide any updates to Plaintiff on La Perla's financial situation," so Plaintiff had no way of knowing the deposition was not proceeding along as scheduled. (Dkt. No. 43 at 6.) However, HHR has provided evidence HHR sent an email to Plaintiff's counsel on August 18, 2023 informing Plaintiff's counsel of an approximately $10 million judgment against La Perla and documentation that, as a result of that order, La Perla was subject to restraining orders freezing its accounts until the judgment was satisfied. (Dkt. Nos. 42-1 at 27-41; 44-1 at 5.) Moreover, much of the information about La Perla's financial woes was public. (Dkt. No. 42-1 ¶ 5, at 6-25.)

Finally, Plaintiff asserts Defendant has "drive up the costs of the litigation at each stage of the case," and blames HHR's advice for La Perla's decision not to settle the dispute. (Dkt. No. 43 at 6.) However, according to the California Rules of Professional Conduct, "[a] lawyer shall abide

4

1  by a client's decision whether to settle a matter." Cal. R. Prof. Conduct Rule 1.2. So, HHR cannot be faulted for La Perla's refusal to settle. (Dkt. No. 44-1 ¶ 4 (HHR "told" Plaintiff's counsel "many times that [La Perla] would not agree to a stipulated judgment").)

Moreover, while Plaintiff asserts HHR's withdrawal "will only further delay resolution of this case and further prejudice Plaintiff by forcing it to incur additional costs to advance this case toward judgment," (Dkt. No. 43 at 3), Plaintiff does not explain how it proposes this case proceed in the absence of any representative or contact with La Perla. Indeed, HHR cannot litigate this case without any client directing the litigation, so permitting HHR to withdraw in this scenario will enable the litigation to move forward.

Civil Local Rule 11-5(b) states that when withdrawal by an attorney from an action is "not accompanied by simultaneous appearance of substitute counsel . . . , leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel[.]" Further, it "is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) (citations omitted); *see also* N.D. Cal. Civ. L.R. 3-9(b); 28 U.S.C.A. § 1654. Because the motion was not accompanied by the simultaneous appearance of substitute counsel for La Perla, Counsel shall continue to be served for forwarding purposes unless and until La Perla appears by other counsel.[2] *See* Civil L.R. 11-5(b).

In addition, La Perla must obtain new counsel within 30 days of this Order. Plaintiff asks the Court to order La Perla to obtain substitute counsel within 15 days of the Court's Order. (Dkt. No. 43 at 3.) However, Plaintiff cites no authority for the 15-day request—indeed, the case Plaintiff cites, *Hartford Fire Ins. Co. v. NBC Gen. Contractors Corp.*, No. C 09-5363 SBA, 2014 WL 12644225, at *2 (N.D. Cal. Mar. 6, 2014), granted the corporation 30 days to appear by substitute counsel. The Court deems 30 days an appropriate amount of time, especially since

---

[2] HHR explains since it "has lost client contact" it "will only be forwarding the served documents to [La Perla's] California registered agent." (Dkt. No. 44.) The Court deems this sufficient for the purposes of Civil Local Rule 11-5(b).

5

Plaintiff cites no reason for expediting the process.

Counsel shall provide notice to La Perla of this Order and counsel's obligation to continue to accept service on La Perla's behalf and shall file proof of service of the same within three days of this Order. *See* N.D. Cal. Civ. L.R. 11-5(b).

**CONCLUSION**

For the reasons stated above, HHR's motion to withdraw as counsel for Defendants is GRANTED. The Court sets a further case management conference for March 28, 2024. If new counsel appears, a joint case management conference statement is due one week in advance. If no counsel has appeared by March 25, 2024, then no further statement is due.

This Order disposes of Docket No. 42.

**IT IS SO ORDERED.**

Dated: February 22, 2024

JACQUELINE SCOTT CORLEY
United States District Judge