UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>LA PERLA NORTH AMERICA, INC.,<br><br>    Defendant. | Case No. 3:23-cv-01633-JSC<br><br>**ORDER RE: MOTION FOR DEFAULT JUDGMENT DAMAGES** |

Gregg Williams, in his capacity as court-appointed Receiver, alleges La Perla North America, Inc. ("La Perla") breached a lease between La Perla and Williams' predecessor in interest by vacating the leased commercial property located at 170 Geary Street, San Francisco, California in April 2021 and failing to pay rent since May 2021.  (Dkt. No. 1.)[1]  Plaintiff seeks damages in the amount of $1,325,993.10.  (Dkt. No. 63.)  The Court previously granted Plaintiff's motion for default judgment and ordered Plaintiff to file a supplemental submission providing more information regarding the monetary demand amount which Plaintiff filed.  (Dkt. No. 55.)  Finding the supplemental submission insufficient to explain Plaintiff's damage calculations, the Court ordered another supplemental submission which Plaintiff filed.  (Dkt. No. 60.)  The Court found the second supplemental submission to be insufficient as well and ordered an evidentiary hearing.  (Dkt. No. 61.)  During the hearing, the Court examined Mr. Williams about his previous declarations and ordered Mr. Williams to file a third supplemental declaration in support of the motion for default judgment.  (Dkt. No. 62.)

Plaintiff's motion for final judgment on monetary damages remains pending before the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    Court. Having considered the briefing, three supplemental submissions of Mr. Williams, and Mr.
2    Williams' in-court testimony, the Court AWARDS Plaintiff $1,325,933.10 in damages.

### BACKGOUND

#### A.     Complaint Allegations

The Court previously detailed the Complaint allegations (Dkt. No. 32 at 2-4), and the Court adopts that description by reference here.

#### B.     Procedural Background

The Court ordered La Perla's default on April 4, 2024. (Dkt. No. 50.) Plaintiff filed a motion for default judgement, and the Court granted the motion. (Dkt. Nos. 51, 54.) The Court granted Plaintiff's motion for attorney's fees and costs, awarding $152,630.10 in attorneys' fees and $1,447.31 in costs. (Dkt. No. 54.) The Court ordered Plaintiff to file a supplemental submission with any supplemental evidence regarding claimed damages. (*Id.*) Plaintiff filed a supplemental submission to address the Court's questions about Plaintiff's damage calculations. (Dkt. No. 55.) Finding the supplemental submission insufficient to explain damage calculations, the Court ordered Plaintiffs to file a second supplemental submission, and Plaintiffs did so. (Dkt. No. 60.) The second submission was also insufficient, so the Court scheduled an evidentiary hearing. (Dkt. No. 61.) At the hearing, the Court questioned Mr. Williams about his previous declarations and the damages calculation. (Dkt. No. 62.) In light of admitted errors in the second submission, the Court then ordered Mr. Williams to file a third supplemental submission. (*Id.*)

### LEGAL STANDARD

On a motion for default judgment, the Court does not accept factual allegations regarding damages as true. *TeleVideo Sys., Inc.*, 826 F.2d 915, 917-18 (citing *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)). Claimants are required to prove all damages sought in the complaint and damages must not exceed that amount. *See* Fed. R. Civ. P. 54(c). "The district court may determine the amount of damages without an evidentiary hearing where 'the amount claimed is a liquidated sum or capable of mathematical calculation.'" *Lasheen v. Embassy of the Arab Republic of Egypt*, 625 F. App'x 338, 341 (9th Circ. 2015) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Circ. 1981)). Such damages should be "clearly ascertainable based on the

records" submitted by a plaintiff.  *Id.*  If a plaintiff provides no "sum certain nor any evidence supporting its request" for damages, "any such amount cannot be included in the judgement." *Mesa Underwriters Specialty Insurance Co. v. Paradise Skate, Inc.*, No. 15-01253, 2016 WL 9045622, at *10 (N.D. Cal. Apr. 11, 2016)).

## DISCUSSION

Upon review of Plaintiff's Revised General Ledger (Dkt. No. 63-1), and Plaintiff's further revised declaration (Dkt. No. 63), the Court finds Plaintiff has proved its damages by a preponderance of the evidence in the amount of $1,325,933.10 and will issue a judgment awarding Plaintiff that amount in damages, plus the attorneys' fees and costs previously awarded.

**IT IS SO ORDERED.**

Dated: August 28, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge